UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
IN RE APPLICATION OF USA PURSUANT         )        ML No: 20-ml-1006
TO 18 U.S.C. § 3512 FOR ORDER FOR         )
COMMISSIONER'S APPOINTMENT FOR            )
A FRAUD INVESTIGATION                     )
                                          )
_____)

*Reference:*      *DOJ Ref. # CRM-182-72760*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

        The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Teresita B. Mutton, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from Uruguay.  In support of this

application, the United States asserts:

RELEVANT FACTS

        1.      The Central Authority of Uruguay, the Ministry of Education and Culture,

submitted a request for assistance (the Request) to the United States, pursuant to the Treaty

Between the Government of the United States of America and the Government of the Oriental

Republic of Uruguay on Mutual Legal Assistance in Criminal Matters, U.S.-Uru., May 6, 1991,

S. TREATY DOC. NO. 102-19 (the Treaty).

2.      As stated in the Request, Twenty-Fourth Civil Court of First Instance in Penal Matters in Uruguay is investigating unknown subjects for fraud, which occurred between on or about June 1, 2017 and June 2, 2017, in violation of the criminal law of Uruguay, specifically, Article 347 of the Uruguayan Criminal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

3.      According to Uruguayan authorities, on June 1, 2017, a Uruguayan business (the Victim Company) received an email purportedly from its supplier located in Brazil (the Supplier).  In the email, the Supplier directed the Victim Company to transfer US$33,377.08 to Bank of America account number XXXXXXXX5999), held for the benefit of JMart Investments, in payment for goods provided.  That same day, the Victim Company transferred US$33,377.08 from its own account held at Banco Itaú in Uruguay to Bank of America account number XXXXXXXX5999.  On June 2, 2017, the Supplier informed the Victim Company that an unknown individual(s) illegally accessed the Supplier's email account and that Bank of America account number XXXXXXXX5999 was not associated with their business.  On June 3, 2017, the Victim Company filed a criminal complaint claiming it had been the victim of a business email compromise scheme.

4.      To further the investigation, Uruguayan authorities have asked U.S. authorities to provide bank records pertaining to Bank of America account number XXXXXXXX5999.

## LEGAL BACKGROUND

5.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

(1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

6.    The United States and Uruguay entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters. See *Treaty, pmbl.* The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures. Article 2. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 7 ("Requests shall be executed in accordance with the law of the Requested State.")

7.    When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> *              *              *
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

*         *         *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8.      Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

9.      An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

10.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

<u>REQUEST FOR ORDER</u>

11.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the

---

attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Education and Culture, the designated Central Authority in Uruguay and seeks assistance in the investigation of fraud – a criminal offense in Uruguay.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

12.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the

recipient(s) of any given commissioner subpoena.

13.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Teresita B. Mutton, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence and authorizing the undersigned to order the relevant person(s) and/or entity(ies) not to notify any person(s) or entity(ies) of the commissioner's subpoena and its contents for a period of two years from the Court's Order, and sealing this application and the Court's Order, until otherwise issued by the Court.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:   _Teresita B. Mutton_

Teresita B. Mutton
Trial Attorney
District of Columbia Bar Number 983152
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C.  20530
(202) 305-4243 telephone
Teresita.Mutton@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

)
IN RE APPLICATION OF USA PURSUANT        )
TO 18 U.S.C. § 3512 FOR ORDER FOR        )
COMMISSIONER'S APPOINTMENT FOR           )
*[Insert Nature of Case/Investigation]*   )
                                          )
_____)

*Reference:*      *[Insert DOJ#]*
**(Please repeat when responding.)**

COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)]*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective] [Criminal][Penal]* Code.

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__: *[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

For failure to provide records you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

_____
COMMISSIONER
*[Insert Name]*
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) *[Insert Number]*
*[Insert Email Address]*